```
IN THE UNITED STATES DISTRICT COURT FOR THE
          SOUTHERN DISTRICT OF GEORGIA
                 AUGUSTA DIVISION
```

CAROLYN STANLEY-SALTERS,         *
                                 *
     Plaintiff,                  *
                                 *
          v.                     *      CV 118-018
                                 *
UNITED STATES OF AMERICA,        *
                                 *
     Defendant.                  *

## O R D E R

Pending before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction. (Doc. 11.) Plaintiff filed a response brief and Defendant has replied. (Docs. 16, 17.) As discussed below, the Court finds that it lacks jurisdiction over this case and, therefore, **GRANTS** Defendant's motion to dismiss.

### I. BACKGROUND

On January 25, 2018, Plaintiff filed this action against the United States of America seeking damages for injuries she sustained while working at the Charlie Norwood Veterans Affairs Medical Center. (Compl., Doc. 1, at 4-5.) The incident occurred on December 6, 2013, when a medical code cart fell onto Plaintiff injuring her shoulder, back, and legs. (Id. at 4.) Those injuries forced Plaintiff to retire early from her job and undergo corrective surgery. (Id. at 5.)

On February 12, 2015, Plaintiff submitted a workers' compensation claim to the United States Department of Labor's Office of Workers' Compensation Programs ("OWCP"). (Doc. 11, Ex. 1.) Plaintiff's claim was initially denied, but she appealed that decision to an OWCP hearing representative, who partially reversed the denial with respect to Plaintiff's claim for a lower back strain. (Decision of Hearing Representative, Doc. 16, Ex. 1, at 7-14.) In two letters dated February 24, 2016, the OWCP notified Plaintiff that her claim for medical payments arising from the back injury was granted, but she would not receive continuation of pay benefits. (Doc. 11, Exs. 3, 4.) Thus, Plaintiff received workers' compensation benefits for the injuries she sustained during the December 6th incident.

On April 30, 2018, Defendant filed a motion to dismiss for lack of subject matter jurisdiction arguing Plaintiff's acceptance of workers' compensation benefits is the exclusive remedy for her injuries. (Doc. 11.) After a Show Cause Order was entered against Plaintiff on August 22nd, she responded to Defendant's motion with numerous medical documents contending she was entitled to compensation. (Doc. 16.) Plaintiff, however, failed to respond to the arguments Defendant put forth regarding subject matter jurisdiction.

## II. DISCUSSION

**A. Legal Standard**

Federal courts are courts of limited jurisdiction, and an action may proceed in federal court only if subject matter jurisdiction exists. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974-75 (11th Cir. 2005). Federal Rule of Civil Procedure 12(b)(1) permits litigants to move for dismissal when the court lacks jurisdiction over the subject matter of the dispute. FED. R. CIV. P. 12(b)(1). "A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 182 (1936); see also Fed. R. Civ. P. 8(a) (stating that a pleading must contain "a short and plain statement of the grounds on which the court's jurisdiction depends"). On a motion to dismiss for lack of subject matter jurisdiction, the burden remains on the plaintiff to show that the court's limited federal jurisdiction has been properly invoked. Sweet Pea Marine, Ltd. V. APJ Marine, Inc., 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).

## B. Federal Employees' Compensation Act

Since 1916, the Federal Employees' Compensation Act ("FECA") has provided federal employees injured on the job with workers' compensation benefits. 5 U.S.C. § 8102(a); Woodruff v. United States Dept. of Labor, Off. of Workers' Comp. Programs, 954 F.2d 634, 636 (11th Cir. 1992). The Supreme Court found that the FECA adopts the "principal compromise — the 'quid pro quo' — commonly found in workers compensation legislation." Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-94 (1983). This compromise grants federal employees the right to receive immediate benefits without needing to determine fault or engage in protracted litigation, but in return employees give up any right to sue the federal government. Id. Thus, recovery under the FECA is an exclusive remedy, barring an employee from seeking further recourse, such as in a Federal Tort Claims Act suit against the federal government. 5 U.S.C. § 8116(c);[1] Lockheed, 460 U.S. at 194.

Under the FECA, the Secretary of Labor is empowered to administer the program. 5 U.S.C. §§ 8145, 8149. Pursuant to this

---

[1] The statute provides: "The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute."

4

authority, the Secretary has delegated the responsibilities for administering the FECA to the Director of the OWCP. 20 C.F.R. § 10.1; see also Woodruff, 954 F.2d at 636. The OWCP makes a decision on an employee's claim and once it decides that a disability resulted from a workplace injury, "the claimant is limited to the remedies authorized by the FECA, even if a particular type of damage or consequence the claimant suffered is not compensable under the FECA." Noble v. United States of America, 216 F.3d 1229, 1234 (11th Cir. 2000).

The OWCP's decision on a claim can be appealed in three ways: (1) reconsideration by the district office, (2) a hearing before an OWCP hearing representative, or (3) appealing to the Employees Compensation Appeal Board. 20 C.F.R. § 10.600. Noticeably absent from this list is any recourse in the federal courts. The FECA is the exclusive remedy for injured federal employees and any decision by the Secretary or his designee is "not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b)(2); see also Woodruff, 954 F.2d at 639 ("After the Secretary makes a determination to award benefits the injured employee's exclusive remedy is to accept FECA coverage.")

Plaintiff's claim before this Court is barred because she filed for and received workers' compensation benefits under the FECA. The injury underlying her claim here is the same injury

5

that she was compensated for under the FECA. Accordingly, this Court is without jurisdiction to adjudicate her claim for damages arising from the workplace accident or review the decision made by the OWCP. Simply put, Plaintiff filed a claim for workers compensation, the OWCP accepted her claim and paid benefits, this was her exclusive remedy.

To the extent that Plaintiff argues she is entitled to lost wages for her absence from work due to injury, that argument must fail. The OWCP denied continuation of pay benefits and this Court lacks authority to review that decision. <u>See</u> 5 U.S.C. § 8128(b)(2). As such, Defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

### III. CONCLUSION

Plaintiff's personal injury claim is premised on the same facts as her workers' compensation claim under the FECA. Because the FECA provides the exclusive remedy for Plaintiff, this court lacks jurisdiction over her claim. Therefore, Defendant's motion to dismiss is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to terminate all motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of October, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA